1  MARK T. CRAMER (SBN: 198952)
       mcramer@buchalter.com
2  MATTHEW L. SEROR (SBN: 235043)
       mseror@buchalter.com
3  BUCHALTER, A Professional Corporation
   1000 Wilshire Boulevard, Suite 1500
4  Los Angeles, CA 90017-2457
   Telephone: (213) 891-0700
5  Fax: (213) 896-0400

6
   Attorneys for Plaintiff
7  ROMEX TEXTILES, INC.

8           UNITED STATES DISTRICT COURT

9          CENTRAL DISTRICT OF CALIFORNIA

10

11  ROMEX TEXTILES, INC., a California      Case No. 2:18-cv-00578
    corporation,
12                                          **COMPLAINT FOR:**
                    Plaintiff,
13                                          **(1) COPYRIGHT INFRINGEMENT;**
        vs.                                 **(2) CONTRIBUTORY COPYRIGHT**
14                                              **INFRINGEMENT;**
    SHASON, INC., a California corporation;
15  DOES 1-10, inclusive,                   **(3) BREACH OF CONTRACT**
                                                **[2015 AGREEMENT]**
16                  Defendants.             **(4) BREACH OF CONTRACT**
                                                **[PAST DUE INVOICES]**
17                                          **(5) FRAUD;**
                                            **(6) NEGLIGENT**
18                                              **MISREPRESENTATION**

19

20

21

22

23

24

25

26

27

28

1    Plaintiff Romex Textiles, Inc. ("Plaintiff") for its Complaint against

2 Defendant Shason, Inc. ("Shason") and DOES 1-10 inclusive (collectively,

3 "Defendants"), alleges as follows:

4                            **Nature of the Action**

5    1.    Plaintiff alleges five causes of action against Defendants: Copyright

6 Infringement, Contributory Copyright Infringement, Breach of Contract, Fraud, and

7 Negligent Misrepresentation.

8                            **Jurisdiction & Venue**

9    2.    This Court has subject matter jurisdiction over this Complaint pursuant

10 to 28 U.S.C. §§ 1331 and 1338 (a) and (b) and the Copyright Act.

11    3.    This Court has personal jurisdiction over Shason insofar as it does

12 business within this judicial district and maintains a principal place of business at

13 4940-B Triggs Street, Commerce, California, 90022.

14    4.    Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because

15 Shason resides in this judicial district.

16                            **The Parties**

17    5.    Plaintiff is a California corporation organized and existing under the

18 laws of the State of California.  Plaintiff is located at 785 East 14th Place,

19 Los Angeles, California, 90021.

20    6.    Plaintiff is informed and believes, and on that basis alleges, that

21 Shason is a California corporation organized and existing under the laws of the

22 State of California with its principal place of business located at 4940-B Triggs

23 Street, Commerce, California, 90022.

24    7.    Plaintiff is informed and believes and, thereon alleges, that Defendants

25 DOES 1 through 10, inclusive, are other-as-of-yet unidentified parties who have

26 infringed Plaintiff's copyrights, have contributed to the infringement or have

27 otherwise engaged in the wrongful acts alleged herein. The true names of

28 Defendants 1 through 10 are presently unknown to Plaintiff, which, therefore ,sued

1  said Defendants by such fictitious names.  Plaintiff will seek leave to amend this

2  Complaint with their true names and capacities once ascertained.

3       8.      Plaintiff is informed and believes, and thereon alleges. that at all times

4  relevant hereto, each of Defendants was the agent, employee, alter-ego, affiliate,

5  officer, director, manager, and/or principal of the other Defendants and was at all

6  times relevant hereto acting within the course and scope of such agency

7  relationship, employment, alter-ego relationship or affiliation.  Plaintiff is further

8  informed and believes, and thereon alleges, that each Defendant actively

9  participated in, or subsequently ratified each of the acts and conduct alleged herein

10  with full knowledge of all the facts and circumstances attendant thereto, including

11  the rights of Plaintiff and the damage to be sustained by Plaintiff as a result of the

12  acts and conduct alleged herein.

13       9.      Plaintiff is a wholesale seller of fabrics.  Plaintiff's customers either

14  re-sell the finished fabric purchased from Plaintiff to its own customers, or use the

15  fabric purchased from Plaintiff to manufacturer garments and other items of apparel

16  which are then sold to apparel retailers.

17       10.     Plaintiff has thousands of different fabric types and patterns that it

18  offers to sell to its customers. Among the fabrics that Plaintiff makes available to its

19  customers for purchase are Plaintiff's original fabric designs.  Plaintiff employs

20  graphic designers for the purposes of creating original and eye-catching designs,

21  which it then offers to its customers.  Plaintiff registers its original designs with the

22  United States Copyright Office.

23       11.     Plaintiff is informed and believes, and on that basis alleges, that

24  Shason is in the business of selling finished fabric to its customers and that

25  Wal-Mart is Shason's biggest customer. Plaintiff is also informed and believes that

26  Shason is one of few authorized sellers of finished fabric to Wal-Mart.

27  ///

28  ///

12.    Plaintiff is informed and believes, and on that basis alleges, that Wal-Mart offers for sale and sells the fabric purchased from Shason at its stores and through its website.

13.    Plaintiff is informed and believes, and thereon alleges, that as an authorized seller to Wal-Mart, Shason has been given a Wal-Mart vendor number. Plaintiff is informed and believes that Wal-Mart only purchases goods from vendors who have a Wal-Mart vendor number, making a Wal-Mart vendor number a valuable asset for a company to possess.

14.    In or about late 2014, Shason representatives contacted Plaintiff and expressed a desire to get out of the wholesale fabric business. Shason asked Plaintiff if it was interested in taking over Shason's Wal-Mart business. Plaintiff is informed and believes, and thereon alleges, that at that point in time, Shason's business with Wal-Mart was declining or stagnant and Shason was looking for a way to reinvigorate it by getting fresh fabrics, designs and ideas from Plaintiff.

15.    As a result, in or about 2015, Shason and Plaintiff began discussing a potential transaction pursuant to which Plaintiff would step into the shoes of Shason and take over its business operations, specifically, its business with Wal-Mart. Under the terms of the proposed transaction, Plaintiff would take over Shason's operations and continue to sell fabric to Wal-Mart. Plaintiff, in turn, would pay Shason a percentage of every order placed by Wal-Mart.

16.    As discussions between Plaintiff and Shason progressed, Shason invited Plaintiff's representatives, including Shawn Binafard, to travel to Wal-Mart's headquarters in Arkansas to ensure a seamless transition once Plaintiff took over the business. During these numerous in-person meetings, Plaintiff used its considerable expertise in the textile industry to select fabrics and prints that it believed would sell well in Wal-Mart stores and on its website. Plaintiff also offered its recommendations and advice regarding merchandising, product selection and trend forecasting. Some of the fabric types and designs offered to Wal-Mart by

1    Plaintiff featured Plaintiff's original and copyrighted designs.  In addition, Plaintiff

2    recommended fabrics to Wal-Mart that it had not previously purchased from

3    Shason.

4        17.    In addition to making representations to Mr. Binafard privately that

5    Romex would be taking over the Wal-Mart business and that it was important to

6    meet with Wal-Mart and begin offering advice and assistance to Wal-Mart as part

7    of that transition, when Mr. Shahery first introduced Plaintiff to Wal-Mart  in early

8    2015 he indicated, in front of Mr. Binafard and others, that Shason's Wal-Mart

9    business would be merged with the operations of Plaintiff.  This confirmed Mr.

10    Shahery's prior representations to Mr. Binafard.

11        18.    Plaintiff's products and advice were well received by Wal-Mart

12    representatives. Plaintiff is informed and believes, and on that basis alleges, that

13    Wal-Mart adopted many of Plaintiff's suggestions and recommendations and placed

14    orders with Shason for many of the fabrics and designs shown to Wal-Mart by

15    Plaintiff, including Plaintiff's Subject Designs (as herein defined) and other fabrics

16    that Wal-Mart had not previously purchased from Shason.

17        19.    Based on the positive feedback received from Wal-Mart and Shason

18    regarding its fabrics, designs and ideas, Plaintiff reasonably believes that the parties

19    were well on their way to completing the contemplated transaction. Throughout the

20    time that Plaintiff's representatives were meeting with Wal-Mart, Plaintiff kept

21    pushing Shason to finalize and complete the transition of the Wal-Mart business to

22    Plaintiff.  Shason repeatedly represented to Plaintiff that the transaction would be

23    finalized in short order.  In reliance on those representations, Plaintiff continued to

24    meet with Shason and Wal-Mart, to offer its expertise and advice, and to introduce

25    new fabrics and designs to Wal-Mart and Shason.

26        20.    Unfortunately, Shason had other plans. Once Shason received the

27    benefit of Plaintiff's work, Shason manufactured a reason to abort further

28    discussions regarding the proposed transaction.

21.    Plaintiff is informed and believes, and on that basis alleges, that Shason never intended to complete the transaction with Plaintiff, and that Shason only engaged in the discussions with Plaintiff to induce Plaintiff to provide fabric samples to Wal-Mart and to expend its considerable expertise and resources to revitalize Shason's fabric program with Wal-Mart under the guise of a proposed transaction.  Shason then unnecessarily prolonged discussions regarding the transaction to ensure Plaintiff continued meeting with Wal-Mart and providing its valuable expertise and insight to Wal-Mart.

22.    Plaintiff is informed and believes, and on that basis alleges, that throughout the time Plaintiff was meeting with Wal-Mart, Wal-Mart was placing orders of finished fabric with Shason and that Shason accepted and fulfilled those orders – all to Shason's financial gain.

23.    When Shason received orders from Wal-Mart, Shason would purchase the fabric necessary to fulfill those orders from Plaintiff.  As a result, Shason was well aware that the original designs featured on the finished fabric were Plaintiff's original copyrighted design.

24.    In or about October 2015, Plaintiff expressed its growing frustration with Shason and the fact that Shason was still delaying the transition of the business to Plaintiff.

25.    In response, Shason promised to pay Plaintiff a 15% royalty on all fabrics purchased by Wal-Mart from Shason on fabric samples provided to Wal-Mart by Plaintiff if the parties were ultimately unable to complete the contemplated transaction.  On or about October 29, 2015, Plaintiff and Shason executed a written contract ("2015 Agreement") memorializing their agreement with respect to Shason's payment obligation.

///

///

///

## First Claim for Relief

### (Copyright Infringement – Against Defendants)

26.    Plaintiff repeats and incorporates by reference the allegations contained in Paragraphs 1 through 25 as if fully set forth herein.

27.    Plaintiff is the owner of two original two-dimensional designs used in connection with textile printing entitled:  4921 and 4603 (the "Subject Designs"). Design 4921 consists of a cheetah animal print printed over an original floral lace design.  Design 4603 consists of a zebra animal print over an original floral lace design.

28.    Plaintiff has applied for and received Copyright Registration Nos. VA 2-080-905 (Design 4921) and VA 2-080-523 (Design 4603) for the Subject Designs from the United States Copyright Office.

29.    Prior to the acts complained of herein, Shason purchased fabric from Plaintiff bearing the Subject Designs.  Plaintiff is informed and believes, and on that basis alleges, that Shason sold the fabric it purchased from Plaintiff to Wal-Mart.

30.    Plaintiff is informed and believes, and thereon alleges, that when Wal-Mart placed additional orders for finished fabric bearing Plaintiff's original copyrighted designs, rather than obtaining the fabric from Plaintiff, Shason copied, or caused other (currently unknown) third parties to copy, Plaintiff's original designs and created infringing copies that it then sold to Wal-Mart.

31.    Shason was not authorized to copy, or cause others copy, Plaintiff's original copyrighted designs.

32.    The fabric that Shason sold to Wal-Mart (that did not originate from Plaintiff) featured a design that was identical, or substantially similar, to the Subject Designs.

33.    Plaintiff is informed and believes, and thereon alleges, that Wal-Mart sold the fabric bearing the infringing copies of the Subject Designs in its stores and

via its website. The infringing copies sold on the Wal-Mart website are identified as "Shason Textile Lace Pattern With Leopard Print on Top" and "White/Black Floral Stripe Lace."


Design 4921


Infringing Design


Design 4603


Infringing Design

34. Shason did not have authorization from Plaintiff to sell fabric that featured a design that was identical, or substantially similar, to the Subject Designs.

35. Due to Shason's acts of infringement, Plaintiff has suffered damages in an amount to be determined at trial.

///

///

36.    Due to Shason's acts of copyright infringement as alleged herein, Shason has obtained profits that it would not otherwise have realized but for its infringement of the Subject Designs.  Plaintiff is entitled to disgorgement of Shason's profits attributable to the infringement of the Subject Designs in an amount to be established at trial.

37.    Given the relationship between Plaintiff and Shason, Plaintiff is informed and believes, and on that basis alleges, that Shason's acts of copyright infringement were committed with actual or constructive knowledge of Plaintiff's rights such that said acts of copyright infringement were, and continue to be, intentional and willful.

## **Second Claim for Relief**

### **(Contributory Copyright Infringement – Against Defendants)**

38.    Plaintiff repeats and incorporates by reference the allegations contained in Paragraphs 1 through 37 as if fully set forth herein.

39.    Plaintiff is informed and believes, and on that basis alleges, that Shason knowingly induced, participated in, aided and abetted in and profited from the illegal and unauthorized use by third-party manufacturers, Wal-Mart, and potentially others, of the Subject Designs.

40.    Plaintiff is informed and believes, and on that basis alleges, that Shason knew at the time of its sale of fabric bearing a design identical, or substantially similar, to the Subject Designs that such conduct constituted an infringement of Plaintiff's copyright rights in the Subject Designs.

41.    Plaintiff is informed and believes, and on that basis alleges, that Shason was a substantial participant in both its suppliers' sale and Wal-Mart's sale of the infringing fabric insofar as Shason provided the Subject Designs to Wal-Mart and instructed its supplier to copy the Subject Designs and provided copies of the Subjects Designs to the supplier for the purposed of copying them.

///

42.    As a result of Shason's acts of contributory infringement as alleged herein, Plaintiff has suffered, and will continue to suffer, substantial damages to its business in an amount to be established at trial.  In addition, Plaintiff is entitled to recover general and special damages in an amount to be established at trial.

43.    Due to Shason's acts of contributory infringement as alleged herein, Shason and third parties have obtained direct and indirect profits they would not have realized but for the infringement of the Subject Designs.  Plaintiff is entitled to disgorgement of these profits directly or indirectly attributable to the acts of infringement alleged herein in an amount to be proven at trial.

## Third Claim for Relief

### (Breach of Contract [2015 Agreement]– Against Defendants)

44.    Plaintiff repeats and incorporates by reference the allegations contained in Paragraphs 1 through 43 as if fully set forth herein.

45.    In or about October 2015, Plaintiff and Shason entered into the Agreement, whereby Shason promised to pay to Plaintiff a 15% royalty on all orders Shason received from Wal-Mart on fabric that Plaintiff sampled to Shason and Wal-Mart if Shason and Plaintiff did not complete their contemplated transaction.  Shason's obligation was confirmed in the 2015 Agreement.

46.    The 2015 Agreement was fully executed by Plaintiff and Shason.

47.    The 2015 Agreement is a valid and binding contract.

48.    Plaintiff satisfied all of its obligations under the 2015 Agreement except those obligations that were excused as a result of Shason's breach.

49.    Shason failed to pay to Plaintiff the 15% royalty as required by the 2015 Agreement. Shason also concealed from Plaintiff that Wal-Mart had placed orders with Shason that triggered Shason's payment obligation to Plaintiff.

50.    As a result of Shason's breach of the 2015 Agreement Plaintiff has suffered damages.

///

### Fourth Claim for Relief

### (Breach of Contract [Past Due Invoices]– Against Defendants)

51.    Plaintiff repeats and incorporates by reference the allegations contained in Paragraphs 1 through 50 as if fully set forth herein.

52.    From at least as early as 2014, Shason has been a customer of Plaintiff and has ordered finished fabric from Plaintiff.  In response to each order received by Shason, Plaintiff generates and transmits to Shason an invoice reflecting the amounts due for the goods ordered.  Shason's orders to Plaintiff were generally memorialized in purchase orders which, together with Plaintiff's invoices, constituted a series of contracts between Plaintiff and Shason.

53.    From November 2014 to the present, Shason has failed to pay Plaintiff for the goods ordered and delivered.  There remains a past due balance of $6,855.00 due from Shason to Plaintiff for past-due invoices.

54.    The contracts formed by each purchase order and corresponding invoice formed valid, enforceable and binding contracts between Plaintiff and Shason.

55.    Plaintiff satisfied all of its obligations under the Agreement except those obligations that were excused as a result of Shason's breach.

56.    Shason failed to pay Plaintiff $6,855.00 for the goods that it ordered, and that were delivered to it by Plaintiff.

57.    As a result of Shason's breach of the Agreement, Plaintiff has suffered damages in the amount of $6,855.00.  In addition, pursuant to the terms of Plaintiff's invoices, Plaintiff is entitled to recover interest at a rate of 1.5% per month on the past-due balance and all costs of collection and litigation, including Plaintiff's attorney's fees.

58.    Plaintiff has had to retain counsel and incur costs associated with the collection of the past-due amounts from Shason and is entitled to recover those amounts from Shason.

BUCHALTER NEMER
A PROFESSIONAL CORPORATION
LOS ANGELES

**COMPLAINT**
BN 31764521v1

## Fifth Claim for Relief

### (Fraud − Against Defendants)

59.    Plaintiff repeats and incorporates by reference the allegations contained in Paragraphs 1 through 58 as if fully set forth herein.

60.    In connection with the proposed transaction with Plaintiff, Shason made numerous representations regarding its willingness to enter into the proposed transaction with Plaintiff whereby Plaintiff would step into the shoes of Shason with respect to the Wal-Mart business.

61.    Shason's president, Henry Shahery, repeatedly told Shawn that he was too busy with other endeavors to manage and maximize the business and that his "head was not in it." Mr. Shahery represented to Plaintiff's president, Shawn Binafard, that, in the right hands, the Wal-Mart business could really grow.

62.    At one meeting, which occurred on a Saturday at a restaurant near Beverly Hills, California, Mr. Shahery represented to Mr. Binafard that Shason wanted to complete the deal and encouraged Romex to keep working with Shason and Wal-Mart on the Wal-Mart business while the deal was finalized. As part of this same discussion, Messers. Shahery and Binafard discussed the specific terms of the transactions, including the commission rate that Shason would receive.

63.    On other occasions, Mr. Shahery represented to Mr. Binafard that when the contemplated deal with Wal-Mart is done, other business would also follow and be transferred to Plaintiff, including the transfer of Shason's relationship with a garment factory in Mexico.

64.    In addition to making representations to Mr. Binafard privately that Romex would be taking over the Wal-Mart business and that it was important to meet with Wal-Mart and begin offering advice and assistance to Wal-Mart as part of that transition, when Mr. Shahery first introduced Plaintiff to Wal-Mart (in early 2015 at Wal-Mart's headquarters in Arkansas) he indicated, in front of Mr. Binafard and others, that Shason's Wal-Mart business would be merged with the

1  operations of Plaintiff. This confirmed Mr. Shahery's prior representations to Mr.

2  Binafard.

3      65.    Another time, in or about the summer of 2015, Mr. Shahery told

4  Mr. Binafard that he (Mr. Binafard) needed to immediately fly to Wal-Mart's

5  offices in Arkansas to assist with planning for an upcoming sales season. Again,

6  Mr. Shahery indicated that this meeting was necessary in furtherance of the

7  transition of the business.

8      66.    Notwithstanding the representations made to Plaintiff, Shason's

9  representations were false.

10     67.    Plaintiff is informed and believes, and thereon alleges, that when

11 Shason made the representations set forth herein, including that Shason was willing

12 to complete the proposed transaction and that Plaintiff's actions as detailed herein

13 were necessary in furtherance of that transaction, Shason either knew that these

14 representations were false and that it had no intention of actually following through

15 with the transaction, or made these representations recklessly and without regard

16 for their truth.

17     68.    Plaintiff is informed and believes, and thereon alleges, that Shason

18 made the aforementioned false representations to Plaintiff in order to induce

19 Plaintiff to expend its own resources to revitalize Shason's business with Wal-Mart.

20 In so doing, Shason made the aforementioned representations to Plaintiff with the

21 intent that Plaintiff rely on them and act accordingly.

22     69.    Plaintiff reasonably relied on Shason's representations. In reliance on

23 Shason's representations, Plaintiff invested substantial time and resources into

24 meeting with and offering advice to Shason and Wal-Mart.

25     70.    Plaintiff was harmed as a result of Shason's misrepresentations insofar

26 as it invested substantial time and resources into meeting with and offering advice

27 to Shason and Wal-Mart.

28 ///

71.   Plaintiff's reliance on Shason's representations was a substantial factor in causing Plaintiff's harm insofar as Plaintiff would not have invested the time and resources that it did to meet with Shason and Wal-Mart representatives and offer them advice based on Plaintiff's significant experience in the industry had it not been for Shason's representations.

### Sixth Claim for Relief

### (Negligent Misrepresentation – Against Defendants)

72.   Plaintiff repeats and incorporates by reference the allegations contained in Paragraphs 1 through 58 as if fully set forth herein.

73.   Shason represented to Plaintiff that certain facts were true, including that it was willing and interested in entering into a transaction whereby Plaintiff would step into the shoes of Shason and take over its Wal-Mart business.

74.   Shason, through its president, Henry Shahery, represented to Plaintiff, and its president, Shawn Binafard, that the work being requested by Shason of Plaintiff, including assisting Shason and Wal-Mart with its merchandising and selling of fabrics, was necessary and a part of the transitioning of the business of Plaintiff.

75.   Shason's representations were not true.

76.   Although Shason may have believed that the representations were true, Shason had no reasonable grounds for believing the representations made to Plaintiff were true when made to Plaintiff.

77.   Plaintiff is informed and believes, and thereon alleges, that Shason made the aforementioned false representations to Plaintiff in order to induce Plaintiff to expend its own resources to revitalize Shason's business with Wal-Mart. In so doing, Shason made the aforementioned representations to Plaintiff with the intent that Plaintiff rely on them and act accordingly.

///

///

78.     Plaintiff reasonably relied on Shason's representations.  In reliance on Shason's representations, Plaintiff invested substantial time and resources into meeting with and offering advice to Shason and Wal-Mart.

79.     Plaintiff was harmed as a result of Shason's misrepresentations insofar as it invested substantial time and resources into meeting with and offering advice to Shason and Wal-Mart.

80.     Plaintiff's reliance on Shason's representation was a substantial factor in causing Plaintiff's harm insofar as Plaintiff would not have invested the time and resources that it did to meet with Shason and Wal-Mart representatives and offer them advice based on Plaintiff's significant experience in the industry had it not been for Shason's representations.

## **Prayer for Relief**

Therefore, Plaintiff prays for judgment against Shason as follows:

1.     That Plaintiff be awarded all profits and financial gains of Shason and its customers resulting from the acts of infringement, and contributory infringement, in addition to all losses of Plaintiff, the exact sum of which will be proven at the time of trial, or if elected before final judgment, statutory damages pursuant to 17 U.S.C. §§ 101, *et seq.;*

2.     For damages to compensate Plaintiff for damages sustained as a result of Shason's breaches of the 2015 Agreement and the past-due invoices, including interest;

3.     For attorney's fees and the costs of collection on Plaintiff's fourth cause of action;

4.     For exemplary damages for fraud, actual damages in an amount to be proven at trial, attorneys' fees, costs and interest on Plaintiff's fifth cause of action;

5.     For damages sustained by Plaintiff, in an amount to be proven at trial, as a result of Shason's negligent misrepresentations;

///

1       6.      That Shasont and its agents and employees be enjoined from infringing

2 on Plaintiff's copyrights in any manner, from using, distributing or selling products

3 that infringe on Plaintiff's copyrights;

4       7.      For pre-judgment interest as allowed by law;

5       8.      Such other relief as this Court deems just and reasonable.

6

7 DATED:   January 23, 2018           BUCHALTER

                                     A Professional Corporation

8

9

                                    By:                 /S/

10                                           MATTHEW L. SEROR

                                     Attorneys for Plaintiff

11                                      ROMEX TEXTILES, INC.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## **JURY TRIAL DEMAND**

2          Plaintiff Romex Textiles, Inc. demands a trial by jury on all issues so triable

3   in this matter.

4   DATED:  January 23, 2018                    BUCHALTER
                                                A Professional Corporation
5

6

7                                              By: _____/S/_____
                                                     MATTHEW L. SEROR
8                                                    Attorneys for Plaintiff
                                                     ROMEX TEXTILES, INC.
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28